IN THE SUPREME COURT OF THE STATE OF DELAWARE

FREDERICK H. MITCHELL,      §
     §
     Defendant Below,      § No. 196, 2015
     Appellant,      §
     §
     v.      § Court Below—Superior Court
     § of the State of Delaware,
STATE OF DELAWARE,      § in and for Sussex County
     § Cr. ID No. 1408007610
     Plaintiff Below,      §
     Appellee.      §

Submitted: September 22, 2015
Decided: November 24, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## **O R D E R**

This 24th day of November 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) In September 2014, Frederick H. Mitchell was indicted for Aggravated Possession of Heroin (Tier 5), Drug Dealing (Tier 4), Conspiracy in the Second Degree, Possession of Marijuana, two counts of Possession of Drug Paraphernalia, and Failure to Wear a Seatbelt. On January 21, 2015, Mitchell pled guilty to the lesser included offense of Aggravated Possession of Heroin (Tier 4), and Conspiracy in the Second Degree. The State entered a *nolle prosequi* on the remaining charges. A presentence investigation was ordered.

(2) On March 27, 2015, Mitchell was sentenced as follows: (i) for Aggravated Possession of Heroin (Tier 4), fifteen years of Level V incarceration, suspended after eight years for eighteen months of Level III probation; and (ii) for Conspiracy in the Second Degree, two years of Level V incarceration, suspended for one year of Level III probation. On April 8, 2015, Mitchell, through counsel, filed a motion to reduce sentence. The Superior Court denied the motion on April 14, 2015.

(3) On April 21, 2015, Mitchell's counsel ("Counsel") filed a notice of appeal from the March 27, 2015 sentencing order. Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Mitchell of the provisions of Rule 26(c) and provided Mitchell with a copy of the motion to withdraw and the accompanying brief.

(4) Counsel also informed Mitchell of his right to identify any points he wished this Court to consider on appeal. Mitchell has raised several issues for this Court's consideration. The State has responded to the issues raised by Mitchell and asked this Court to affirm the Superior Court's judgment.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a

2

conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(6) On appeal, Mitchell argues that: (i) his sentence for Aggravated Possession of Heroin (Tier 4) exceeded the guidelines in the Delaware Sentencing Accountability Commission Benchbook ("SENTAC Guidelines"); (ii) the sentencing order did not refer to the aggravating factors the Superior Court relied upon or the mitigating factors presented at the sentencing hearing; and (iii) the Superior Court sentenced Mitchell without considering all of the applicable mitigating factors and weighing those factors against the aggravating factors. We conclude that these claims are without merit.

(7) First, our review of a sentence "generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature."[2] Aggravated Possession of Heroin (Tier 4) is a Class C felony[3] with a maximum statutory penalty of fifteen years of Level V incarceration.[4] Mitchell's sentence for Aggravated Possession of Heroin (Tier 4)—fifteen years of Level V incarceration, suspended after eight years—did not exceed the statutory limits. To the extent this

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[2] *Fink v. State*, 817 A.2d 781, 790 (Del. 2003).
[3] 16 *Del. C.* § 4753(c)(3).
[4] 11 *Del. C.* § 4205(b)(3).

sentence exceeded SENTAC Guidelines, "a defendant has no legal or constitutional right to appeal a statutorily authorized sentence simply because it does not conform" to SENTAC Guidelines.[5]

(8) Second, Mitchell's claim that the sentencing order does not refer to any of the aggravating factors the Superior Court relied upon is incorrect. The sentencing order identifies prior violent criminal activity as an aggravating factor. The Superior Court noted at the sentencing hearing that Mitchell had a prior conviction for Possession with Intent to Deliver, which is classified as a violent felony. The Superior Court also noted at the sentencing hearing that a large amount of heroin was found in Mitchell's car and that Mitchell changed his statements to the police over time in order to minimize his involvement.

(9) As to his claim that the sentencing order did not identify any mitigating factors, Mitchell cites no authority to support the proposition that a sentencing order must identify the mitigating factors the sentencing court did *not* rely upon in departing from SENTAC Guidelines. In addition, this Court has rejected the argument that a sentencing court's failure to make a record of its reasons for departing from SENTAC Guidelines constitutes reversible error.[6]

(10) Finally, Mitchell's claim that the Superior Court failed to consider the applicable mitigating factors and weigh those factors against the aggravating

---

[5] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).
[6] *Id*. at 846.

factors is without merit. Evidence of mitigating factors—including Mitchell's employment history and cooperation with authorities—was presented to the Superior Court. The fact that the Superior Court was more swayed by other factors—including Mitchell's previous conviction Possession with Intent to Deliver, the large amount of heroin found in Mitchell's car, and Mitchell's attempts to minimize his involvement—does not mean that the Superior Court failed to consider the mitigating factors or sufficiently weigh those factors.

(11) Having carefully reviewed the record, we conclude that Mitchell's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Mitchell's counsel has made a conscientious effort to examine the record and the law and has properly determined that Mitchell could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

5